IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES DARREN JONES | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | |
| KENT INTERNATIONAL, INC. AND | § | |
| WAL-MART, INC. | § | DEFENDANT DEMANDS A JURY |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC ("Walmart"), incorrectly named WAL-MART, INC., and with the consent and agreement of Defendant Kent International, Inc. ("Kent"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 113th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

**I. STATEMENT OF GROUND FOR REMOVAL**

1. On March 30, 2022, Plaintiff, James Darren Jones, ("Plaintiff"), commenced an action in the 113th Judicial District Court or Harris County, Texas, captioned "Cause No. 2022-19369; *James Darren Jones v. Kent International Inc."* in which he sought personal injury damages allegedly resulting from an incident that occurred on or about April 1, 2020, (the "Incident"). *See* Exhibit A, Plaintiff's Original Petition.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum

or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

3.     Upon filing of this Notice of Removal of the cause, Walmart, joined by Kent, gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the 113th Judicial District Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

4.     Removal is timely as the first date upon which Walmart, or its agents, received Plaintiff's Original Petition and Citation was on April 5, 2022, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b). *See* Exhibit A.

## III. VENUE

5.     This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

6.     According to his Original Petition, Plaintiff was a resident of Harris County, Texas at the time suit was commenced. *See* Exhibit A, at Paragraph 2.

7.     Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

8.     Defendant Wal-Mart Stores Texas, L.L.C., is a Delaware limited liability company, and is an indirectly, wholly owned subsidiary of Walmart Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart

Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Accordingly, there is complete diversity of citizenship between Plaintiff and Walmart. 28 U.S.C. §§ 1332, 1441.

9.      Defendant Kent International Inc. ("Kent") is a Delaware Corporation with its principal place of business in Fairfield, New Jersey. Accordingly, there is complete diversity of citizenship between Plaintiff and Kent. 28 U.S.C. §§ 1332, 1441.

10.      The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V.  PLAINTIFF'S ALLEGATIONS

11.      Plaintiff claims that on April 1, 2020, Plaintiff sustained personal injuries when he fell from a bicycle that he was riding in Walmart's store. See Exhibit A, at Paragraphs 7, 8. Plaintiff now brings negligence and breach of warranty causes of action, under theories of strict liability, against Defendants. *Id*. at Paragraphs 10-29.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

12.      Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity

jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13.     The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.     Amount in Controversy Exceeds $75,000.00.**

14.     In his Original Petition, Plaintiff claims that he suffered "serious, disabling and permanent injuries," and seeks to recover:

- Reasonable and necessary medical care and expenses in the past.

- Reasonable and necessary medical care and expenses which will, with all reasonable probability, be incurred in the future.

- Physical pain and mental anguish in the past.

- Physical pain and mental anguish which will, with all reasonable probability, occur in the future.

- Physical impairment, both in the past and future, which in reasonable probability will be permanent.

- Disfigurement, both in the past and future, which in reasonable probability will be permanent.[1]

15.     When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 223 F.3d at 881.  A defendant can carry its burden by showing that it is either facially apparent from plaintiff's petition that plaintiff's claims are likely to exceed $75,000, or

---

[1] *See* Exhibit A at Pages 6-8, Paragraphs 30-31. Damages.

4

presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Pollett v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008).  Further, it is only necessary that a defendant show that the amount of damages that will be put at issue, not the actual amount the plaintiff will recover. *See Gebbia*, 223 F.3d at 881.

16.    Given the alleged severity of Plaintiff's alleged injuries, as well as the nature of damages sought, it is facially apparent that the amount in controversy in the instant case exceeds $75,000. *Id*.   Plaintiff has not alleged a maximum amount of damages sought in his Original Petition, and therefore, Walmart is left to speculate as to the amount of damages Plaintiff alleges. Nevertheless, Plaintiff claims he suffered serious, disabling, and permanent injuries to his body – including injury to his neck and back.  These allegations suggest Plaintiff's damages might indeed be severe, as Plaintiff affirmatively alleged that his injuries are permanent and disabling, and that it will be *necessary* for Plaintiff to seek future medical care.

17.    As such, Walmart has provided sufficient evidence for the Court to find removal appropriate. In light of Plaintiff's allegations, it is facially apparent from his Original Petition that the amount in controversy will likely exceed $75,000.

**B.    Diversity of Citizenship**

18.    As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant Walmart is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Walmart's partners or members are citizens of the State of Texas. Defendant Kent is a company organized under the laws of Delaware

and New Jersey, with its principal place of business in the State of New Jersey.  There is complete diversity among the parties.

**C.      Consent of the Parties**

19.      In order to remove an action based solely upon 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant Kent joins and in this removal and consents to this filing pursuant to the signature affixed, by permission of Kent's counsel, herein. Thus, there is consent of all properly joined and served parties to remove this case to the Southern District of Texas, Houston Division.

## VIII. CONLUSION AND PRAYER

Walmart has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties. Therefore, removal is proper in this case.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John Ramirez*
John A. Ramirez
Attorney in Charge
TBN: 00798450
FBN: 21280
Ciara Perritano
TBN: 24096440
FBN: 3530917
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
cperritano.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

AGREED:

STRONG,    PIPKIN,    BISSELL    &
LEDYARD, LLP

*/s/ KB Battaglini* – by permission
K.B. Battaglini
Attorney in Charge
TBN: 01918060
Two Riverway, Suite 1020
Houston, Texas 77056
(713) 651-1900 Telephone
(713) 651-1920 Telecopier
kbattaglini@strongpipkin.com

ATTORNEY FOR DEFENDANT,
KENT INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on April 29, 2022

Jason Swanson
5718 Westheimer, Suite 1000
Houston, Texas 77056

*/s/John A. Ramirez*
_____
JOHN A. RAMIREZ