

# Service of Process Transmittal
04/05/2022
CT Log Number 541353930

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JONES JAMES DARREN // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 113th Judicial District Court, Harris County, TX<br>Case # 202219369 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Genesis 23, Incline Men's Mountain Bike, Black/Yellow, Manufacture Part Number 72950 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/05/2022 at 03:17 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jason B. Swanson<br>The Law Offices of Kelly T. Curran<br>5718 Westheimer, Suite 1000<br>Houston, TX 77056<br>713-588-4470 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2022, Expected Purge Date: 04/11/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Apr 5, 2022
**Server Name:** Steve Friedenthal

| Entity Served | WAL-MART INC |
|---|---|
| Case Number | 202219369 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



CAUSE NO. 202219369

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 922494 TRACKING NO: 73990641
EML

| Plaintiff: | In The 113th |
| --- | --- |
| JONES, JAMES DARREN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| KENT INTERNATIONAL INC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: **WAL-MART INC (A DOMESTIC CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT**
**C T CORPORATION SYSTEM**
**1999 BRYAN ST STE 900, DALLAS TX 75201-3136**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on March 30, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on April 4, 2022, under my hand and seal of said court.

Issued at the request of:

Swanson, Jason B.
5718 WESTHEIMER SUITE 1000
HOUSTON, TX 77056
713-588-4470
Bar Number: 24083927



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: CECILIA THAYER

EML

Tracking Number: 73990641

**CAUSE NUMBER: 202219369**

| | |
|---|---|
| **PLAINTIFF: JONES, JAMES DARREN** | **In the 113th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: KENT INTERNATIONAL INC** | **Harris County, Texas** |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____           By_____
                    Affiant                                                                   Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

                                                                                     _____
                                                                                                   Notary Public

3/30/2022 11:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63123792
By: Cecilia Thayer
Filed: 3/30/2022 11:31 PM

Cause No.: _____

| | | |
|---|---|---|
| JAMES DARREN JONES<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| KENT INTERNATIONAL, INC. and<br>WAL-MART, INC. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DARREN JONES Plaintiff herein, and files Plaintiff's Original Petition complaining of Kent International, Inc, and Wal-Mart, Inc., Defendants herein, and would respectfully show the Court as follows:

### Level of Discovery

1. Discovery is intended to be conducted under Level 1 of the Texas Rules of Civil Procedure.

### Parties

2. Plaintiff JAMES DARREN JONES (SS#: xxx-xx-x267) is a resident of Harris County, Texas.

3. Defendant Kent International Inc. ("Kent") is a domestic corporation organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas. Defendant Kent International Inc. may be served with process by certified mail or by private process server by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. Defendant Wal-Mart, Inc. **("Wal-Mart, Inc.")** is a domestic corporation organized and existing under the laws of the State of Texas with its principal place of business in Harris County, Texas. Defendant Wal-Mart, Inc. may be served with process by certified mail or by private process server by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### Venue and Jurisdiction

5. Venue is proper in Harris County, Texas because it is the county where Defendant Wal-Mart, Inc. maintains its principal place of business. Additionally, it is the county where all or a substantial part of the events or omissions giving rise to this lawsuit occurred. Venue likewise

is proper in Harris County because it is the county where Plaintiff resided at the time the cause of action accrued.

6. This Court has jurisdiction of this matter because Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court and because all nonresident Defendants engage in business in the State of Texas. While the damages to be awarded will be a decision made by a jury of Plaintiff's peers, to comply with Tex. R. Civ. P. 47, Plaintiff seeks damages pursuant to Tex. R. Civ. P. 47(c)(4).

## Facts

7. On April 1, 2020, JAMES DARREN JONES sustained substantial personal injuries including injuries that required him to undergo medical treatment from bicycle designed, manufactured, and marketed by Defendant Kent International, Inc. The subject bicycle, the "Genesis 23" Incline Men's Mountain Bike, Black/Yellow" (Manufacture Part Number 72950) (the "Bicycle") was ridden at the premises of Defendant Wal-Mart Inc. which, at the time of Plaintiff's injury, was selling the bicycle and its component part(s) from its retail store in Humble, Harris County, Texas.

8. At the time of injury, JAMES DARREN JONES was test riding the said bicycle. The bicycle's handle was not connected to the tire causing JAMES DARREN JONES to fall onto the floor.

9. Defendant Kent International, Inc. is and, at all times mentioned in this petition, were engaged in the business of designing, manufacturing, marketing, and selling certain products, including bicycles, for use by members of the general public in the United States and in the State of Texas. Defendant designed and manufactured the defective bicycle and its component part(s) that was the cause of JAMES DARREN JONES' injuries and placed it into the stream of commerce by selling it to a supplier, Wal-Mart, Inc.

## Causes of Action

## Strict Liability of Defendants

10. Plaintiff incorporates herein the paragraphs referenced above.

11. The bicycle and its component part(s) designed, manufactured, marketed and sold by Defendant was unreasonably dangerous at the time it left the hands of such Defendant, when it was placed into the stream of commerce, and at the time it caused JAMES DARREN JONES' injuries. At all times relevant, the subject bicycle was operated as intended and was used in the manner for which it and its component parts was designed, manufactured, marketed, assembled and intended to be used, and in a manner foreseeable to Defendant as designers, manufacturers and marketers of the subject bicycle and its component part(s). The subject bicycle and its component part(s) was defective and unreasonably dangerous by reason of its defective design, manufacture, marketing, assembly, inspection, testing, sale and/or by reason of inadequate instructions and/or procedures and/or by reason of the failure to warn of the same through warnings and cautions advising, among other things, that the bicycle:

    a) Was designed, installed and/or manufactured in a manner that improperly

        allowed the steering mechanism to become detached and/or uncoupled with the wheels of the bicycle, causing the handles to move separate from the direction of the wheels;

   b) Was designed and/or manufactured in a manner that allowed the handles to move separate from the direction of the wheels intended through customary and/or acceptable usage;

   c) Was designed in a manner that departed from the standards used in the bicycle industry that require that the Bicycle and its component part(s) work in conjunction with one another to aid the user in steering the bicycle in a single and safe direction;

   d) Was designed, installed, manufactured, marketed, assembled, tested and distributed in a manner that did not provide adequate warnings of the risks of the dangerously unsafe Bicycle and its component part(s) when such risks and/or failures of the Bicycle and its component parts was known to Defendants; and

   e) Suffered from some other defect in design, manufacture, marketing and/or warning that rendered the Bicycle and its component part(s) unreasonably dangerous for its normal or intended use to be proven through discovery or at the trial of this matter.

12. At the time the bicycle and its component part(s) were designed, manufactured and placed into the stream of commerce, other reasonable, feasible and/or safer alternative designs existed for the subject bicycle and/or its component part(s) which, if used, would have *inter alia* prevented or significantly reduced the risk of injuries to JAMES DARREN JONES without impairing the product's utility and were economically and technologically feasible at the time the bicycle left control of Defendant by the application of existing and reasonably achievable scientific knowledge.

13. The bicycle and its component part(s) was defective in its design, manufacture, assembly and/or marketing and it was a producing cause of the injuries and damages suffered by JAMES DARREN JONES. Defendants are strictly liable for JAMES DARREN JONES' injuries and damages.

### Negligence of Defendant Wal-Mart, Inc.,

14. Plaintiff incorporates herein the paragraphs referenced above.

*15.* Defendant Wal-Mart, Inc. owed a duty to exercise ordinary care to design, assemble and manufacture their bicycles and component part(s), as well as other products sold to the public, in a reasonable and prudent manner. On the occasion in question, Defendant, acting by and through their respective agents, servants and employees, were each guilty of negligent acts and omissions, including acts in violation of applicable laws and statutes including, *inter alia:*

a) In failing to properly assemble, install, inspect and/or test the steering mechanisms and/or handle bars which allowed them to become detached and/or uncoupled with the wheels of the bicycle, causing the handles to move separate from the direction of the wheels

b) In failing to properly assemble, test and inspect the bicycle and/or its component part(s);

c) In failing to properly design, assemble, manufacture and/or market the Bicycle and its component part(s) whereby proper use of the product would not result in the back-support strap detaching from the bicycle and thereby eliminate injury to JAMES DARREN JONES;

d) In failing to warn JAMES DARREN JONES of the dangerous condition presented when Defendant knew or should have known that the bicycle and its component part(s) was defectively built and that such defects were latent and not apparent, so as not to cause injuries to JAMES DARREN JONES;

e) In making material his representation regarding the safety of the bicycle to the general public, including JAMES DARREN JONES and his family; and

f) In failing to warn JAMES DARREN JONES that the bicycle and its component part(s) was not safe for persons the age, size and/or weight of JAMES DARREN JONES.

16. Each of such acts and omissions were negligence and/or negligence per se and, taken singularly and collectively, directly or proximately caused the occurrence and resulted in the injuries and damages suffered by JAMES DARREN JONES. Alternatively, Defendant is responsible for the above-referenced negligent acts and/or omissions of their respective employees under the doctrine of *respondeat superior,* as said employees were acting under the course and scope of their employment with Defendant.

17. JAMES DARREN JONES will show that the bicycle and component part(s) that proximately caused Plaintiff's injuries was under the management and control of Defendant. Plaintiff will further show that the character of the event causing Plaintiff's damages would not ordinarily occur in the absence of negligence. Under these circumstances, Defendants' negligence may be inferred under the doctrine of *res ipsa loquitor*.

18. Pleading in the alternative, JAMES DARREN JONES alleges Defendants owed JAMES DARREN JONES the duty to use ordinary care to reduce or eliminate an unreasonably dangerous condition that existed on the bicycle and its component part(s). Included in Defendant's obligation was the duty to inspect or to discover any dangerous condition and to make such condition safe or to provide an adequate warning. Defendant knew of the danger or should have known of the dangerous condition yet failed to take action to remove or remedy or adequately warn JAMES DARREN JONES of the danger, thereby causing JAMES DARREN JONES to suffer serious injuries. The defective condition was not open or obvious and was unknown to

JAMES DARREN JONES. Alternatively, Defendant was obligated to make the Bicycle and its component part(s) safe when, despite an awareness of the risks, it was necessary for JAMES DARREN JONES to use the Bicycle and Defendant should have anticipated that JAMES DARREN JONES was unable to take measures to avoid the risk.

### Breach of Warranty by Defendant Kent International, Inc.

19. Plaintiff incorporates herein the paragraphs referenced above.

20. The bicycle and its component part(s) designed, manufactured and sold by Defendant Kent International, Inc. carried the implied warranty that it was fit for the purposes intended. Defendant breached the implied warranty of fitness. The bicycle and its component part(s) in question were unfit for its intended use. Defendant's breach of their implied warranty of fitness was a proximate cause of the injuries and damages suffered by JAMES DARREN JONES.

### Strict Liability of Defendant Kent International Inc.

21. Defendant Wal-Mart, Inc. was a "seller" engaged in the business of distinguishing or otherwise placing, for commercial purposes, certain products, including the bicycle and its component part(s), into the stream of commerce for use by the general public. At all times relevant, the bicycle and its component part(s) marketed, assembled, installed and/or sold by Defendant Wal-Mart, Inc. was defective and unreasonably dangerous at the time it left the hands of Defendant, at the time it was placed into the stream of commerce and at the time it caused JAMES DARREN JONES' injuries. The subject bicycle was operated as intended and was used in the manner for which it and its component part(s) was marketed, assembled, installed and/or sold and intended to be used, and in a manner foreseeable to Defendant as a marketer and seller of the subject bicycle and its component part(s). The subject bicycle and its component part(s) was defective and unreasonably dangerous by reason of its defective design, manufacture, marketing, assembly, inspection, testing, sale and/or by reason of inadequate instructions and/or procedures and/or by reason of the failure to warn of the same through warnings and cautions that, among other things, the bicycle:

   a) Was designed, assembled and/or manufactured in a manner that improperly allowed the steering mechanism to become detached and/or uncoupled with the wheels of the bicycle, causing the handles to move separate from the direction of the wheels.

   b) Was designed, assembled and/or manufactured in a manner that allowed the handles to move separate from the direction of the wheels intended through customary and/or acceptable usage;

   c) Was designed in a manner that departed from the standards used in the bicycle industry that require that the Bicycle and its component part(s) work in conjunction with one another to aid the user in steering the bicycle in a single and safe direction;

   d) Was designed, manufactured, marketed, assembled, tested and distributed in a manner that did not provide adequate warnings of the risks of the dangerously unsafe bicycle and its component part(s) when such risks and/or failures of the

bicycle and its component parts was known to Defendant; and

e) Suffered from some other defect in design, manufacture, marketing and/or warning that rendered the bicycle and its component part(s) unreasonably dangerous for its normal or intended use, to be proven through discovery or at the trial of this matter.

22. At the time the bicycle and its component part(s) were manufactured, assembled and placed into the stream of commerce, other reasonable, feasible and/or safer alternative designs existed for the subject bicycle and/or its component part(s) which, if used, would have *inter alia* prevented or significantly reduced the risk of injuries to JAMES DARREN JONES without impairing the product's utility and were economically and technologically feasible at the time the bicycle left control of Defendants by the application of existing and reasonably achievable scientific knowledge.

23. The bicycle and its component part(s) were defective in its design, manufacture and/or marketing and it was a producing cause of the injuries and damages suffered by JAMES DARREN JONES. Defendants are strictly liable for JAMES DARREN JONES' injuries and damages.

### Negligence of Defendant Wal-Mart, Inc.

24. Plaintiff incorporates herein the paragraphs referenced above.

25. At the time of Plaintiff's injury, Defendant Wal-Mart, Inc. was the retail seller of the bicycle.

26. On the occasion in question Defendant Wal-Mart, Inc. acting by and through its agents, servants and employees, was guilty of negligent acts and omissions, including acts in violation of applicable laws and statutes, in selling the bicycle in question:

a) In failing to properly assemble, install, inspect and/or test the bicycle handlebars causing the handlebars to detach from the bicycle;

b) In marketing and selling the Bicycle and its component part(s) when Defendant knew or should have known that it was defective and not safe for its intended use;

c) In failing to warn JAMES DARREN JONES that the bicycle's handlebars were not securely attached to the bicycle would detach when the weight of its user was applied as intended through customary and/or acceptable usage;

d) In failing to warn JAMES DARREN JONES that the bicycle and its component part(s) were not safe for persons of the age, size and/or weight of JAMES DARREN JONES;

e) In failing to properly and adequately inspect and/or assemble the bicycle and its component part(s);

f) In failing to properly instruct, train, supervise, hire or control personnel/employees

responsible for marketing, inspecting, assembly or selling the bicycle and its component part(s) for use in a safe manner;

g) In marketing, assembling installing and/or selling a Bicycle that was not safe; and

h) In misrepresenting the safety of the Bicycle and its component part(s) to JAMES DARREN JONES and his family.

27. Each of such acts and omissions were negligence and/or negligence per se and, taken singularly and collectively, directly or proximately caused the occurrence and resulted in the injuries and damages suffered by JAMES DARREN JONES. Alternatively, Defendant is responsible for the above-referenced negligent acts and/or omissions of its respective employees under the doctrine of *respondeat superior,* as said employees were acting under the course and scope of their employment with Defendant.

28. JAMES DARREN JONES will show that the bicycle and component part(s) that proximately caused Plaintiff's injuries was under the management and control of Defendant. Plaintiff will further show that the character of the event causing Plaintiff's damages would not ordinarily occur in the absence of negligence. Under these circumstances, Defendant's negligence may be inferred under the doctrine of *res ipsa loquitor.*

29. Pleading in the alternative, JAMES DARREN JONES alleges Defendant owed JAMES DARREN JONES the duty to use ordinary care to reduce or eliminate an unreasonably dangerous condition that existed on the bicycle and its component part(s). Included in Defendant's obligation was the duty to inspect or to discover any dangerous condition and to make such condition safe or to provide an adequate warning. Defendant knew of the danger or should have known of the dangerous condition yet failed to take action to remove or remedy or adequately warn JAMES DARREN JONES of the danger, thereby causing JAMES DARREN JONES to suffer serious injuries. The defective condition was not open or obvious and was unknown to JAMES DARREN JONES. Alternatively, Defendant was obligated to make the bicycle and its component part(s) safe when, despite an awareness of the risks, it was necessary for JAMES DARREN JONES to use the bicycle and Defendant should have anticipated that JAMES DARREN JONES was unable to take measures to avoid the risk.

### Injuries to James Darren Jones

30. Plaintiff incorporates herein the paragraphs referenced above.

31. As a result of the occurrence in question, JAMES DARREN JONES experienced serious, disabling and permanent injuries including, without limitation, neck, right shoulder and back as well as injuries to other parts of his body. Because of the injuries, it was necessary for JAMES DARREN JONES to incur expenses for reasonable and necessary medical care. It will be necessary to incur additional expenses for medical care in the future. JAMES DARREN JONES' injuries have been accompanied by physical pain and mental anguish. In reasonable probability JAMES DARREN JONES will have physical pain and mental anguish in the future. The injuries caused JAMES DARREN JONES to have physical impairment, both in the past and future, which in reasonable probability will be permanent. The injuries caused JAMES DARREN JONES to have disfigurement, both in the past and future, which in reasonable probability will be permanent.

Because of the expenses for reasonable and necessary medical care, physical pain and mental anguish, physical impairment and disfigurement, all in the past and future, JAMES DARREN JONES has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which damages JAMES DARREN JONES now sues.

## Aggravation

32. If JAMES DARREN JONES had any injury or condition of the body not caused by the occurrence in question, such other injury or condition was aggravated by the injuries that resulted from the occurrence in question.

## Prejudgment Interest

33. JAMES DARREN JONES seeks recovery of prejudgment interest as provided by law.

## Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff JAMES DARREN JONES prays that Defendants Kent International, Inc., and Wal-Mart, Inc. be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover of and from Defendants, jointly and severally, judgment for damages as alleged plus prejudgment and post judgment interest and costs of suit, and for such other and further relief, at law and in equity, which Plaintiff is entitled to receive.

Respectfully Submitted,

**The Law Offices of Kelly T. Curran**.

By: /s/ Jason Swanson
**Jason Swanson**
State Bar No. 24083927
5718 Westheimer, Suite 1000
Houston, Texas 77056
Phone: (713) 588-4470
Fax:     (469) 458-2993
Email:  Jason@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**